UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LEROY J. RASANEN, as Administrator of the
Estate of JOHN C. RASANEN, deceased,

                               Plaintiff,

                                       **ORDER**
       -against-                         CV 04-1995 (JS)(ARL)

DANIEL BROWN, et al.,

                               Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter application dated August 21, 2006 seeking an order compelling the defendants to produce the Glock pistol at issue in this case for shipment to New Mexico so that the plaintiff's expert can test it. The weapon is secured at the New York State Police Headquarters in Albany, New York, a non-party. Defendants oppose the application by letter dated August 29, 2006, asserting that they do not have possession, custody or control of the weapon because it is the property of the New York State Police. Defendants also assert that the plaintiff's discovery demand is procedurally improper because it seeks disclosure under Rule 26. For the reasons that follow, the court agrees with the defendants. Accordingly, the plaintiff's application is DENIED.

      As an initial matter the testing of this pistol is governed not by Rule 26 but by Rule 34 which provides:

> Any party may serve on any other *party* a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, . . . to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the *possession, custody or control of the party upon whom the request is served.*"

Fed. R. Civ. P. 34(a) (emphasis added).

      Here, it is undisputed that the subject weapon is in the possession, custody and control of the New York State Police, a non-party to this action. Accordingly, the plaintiff's request for an order compelling production of the weapon is beyond the scope of either Rule 26 or Rule 34 and therefore is denied. To the extent the parties may seek further relief from the court, plaintiff's counsel is cautioned, that this court is not likely to authorize the unsupervised shipment of a weapon in interstate commerce.

Dated: Central Islip, New York                     **SO ORDERED:**
       August 31, 2006

                                                         _____/s/_____
                                                         ARLENE R. LINDSAY
                                                         United States Magistrate Judge